IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELANIE MEISTER,                    )
                                    )
              Plaintiff,            )
                                    )
       v.                           )       Case No. 09-2544-EFM
                                    )
KANSAS CITY, KANSAS HOUSING         )
AUTHORITY, et al.,                  )
                                    )
              Defendants.           )

## PROTECTIVE ORDER

WHEREAS, defendants in their initial disclosures have identified confidential business records including files of former tenants and current tenants as maintained by defendant Kansas City, Kansas Housing Authority ("Housing Authority"); and

WHEREAS, defendants and plaintiff have agreed that plaintiff will be given access to confidential business records provided an adequate protective order can be devised to protect this information from disclosure; and

WHEREAS, plaintiff has undertaken to hold such documents and information in confidence, using such information and documents only in connection with the prosecution of this pending litigation; and

WHEREAS, plaintiff and defendants have agreed that these documents should be given the protection of an order of this Court in order to prevent injury through disclosure to persons other than those persons involved in the prosecution and defense of this litigation; and

Upon joint motion of defendants and plaintiff and for good cause shown;

IT IS HEREBY ORDERED THAT:

1.     Confidential treatment as provided below may be claimed by defendants for documents and information and any portion, abstract or summary thereof and discovery testimony of or about such documents or information relating to subject matter of the following types, but this paragraph shall not be deemed to exclude any other type of classification of documents for which confidentiality is claimed by defendants or any of them:

> Files of former tenants (other than plaintiff) and current tenants as maintained by defendant Housing Authority.

2.     Upon the production of documents by defendants in response to an interrogatory or a request by plaintiff for production or as a part of production of documents identified in defendants' initial disclosures, in the event that plaintiff receiving the disclosures and/or responses should desire to copy all or any portion of a document designated by the producing individual or entity as confidential, such documents shall be appropriately marked "CONFIDENTIAL" and the document and information contained therein shall be disclosed only to the parties, counsel of record and their clerical personnel, consultants or expert witnesses and witnesses for purposes related to the litigation of this matter.

3.     Plaintiff shall take all steps reasonably necessary to ensure that no person provided access to confidential documents or information produced shall use, disclose or record such document or information for any purpose other than to prepare or conduct this case.

4.     Defendants shall not be obligated to defend the propriety of a designation of material as "CONFIDENTIAL" at the time such designation is made.  In the event that the party receiving such material disagrees at any stage of these proceedings with the designation of any document or discovery response as "CONFIDENTIAL," and the parties are unable to resolve such dispute in good faith on an informal basis, the party receiving such material may request relief from the Court. The information shall remain as designated pending disposition of any such motion.

5. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use them for purposes related to the litigation of this matter only, and shall not disclose such confidential documents, their contents or any portion, abstract or summary thereof to any person or persons not involved in the conduct of the litigation.

6. The entry of this Protective Order shall not in any way detract from or constitute a waiver of the right of any individual or entity to object to the production of discovery materials or the admissibility of any document on grounds other than confidentiality.

7. Counsel of record in this action shall ensure that all persons who use or have access to the confidential information are apprised of the existence of this protective order.

8. Documents will continue to be held in confidence under this order both during the prosecution of and following adjudication of this litigation.

9. Within 90 days of final adjudication, including but not limited to final adjudication of any appeals or petitions or extraordinary writs, all copies of confidential documents and summaries thereof in the actual or constructive custody of the individual or entity who received the disclosures and/or requested their production shall be returned to the individual or entity who disclosed and/or produced them to be disposed of by that individual or entity with the exception of any documents filed as a pleading in this case or attached to any deposition transcript which may be retained in that state by the party who received such documents or summaries.


Dated: March 23, 2010                                s/ James P. O'Hara
                                                     James P. O'Hara
                                                     U.S. Magistrate Judge



**APPROVED TO FORM AND CONTENT:**

Melanie Meister
P.O. Box 240019
Kansas City, MO 64124

PLAINTIFF


McDOWELL RICE SMITH & BUCHANAN
John D. Dunbar, KS Bar #06654
Jason L. Buchanan, KS Bar #20815
605 W. 47th Street, Suite 350
Kansas City, MO 64112
(816) 753-5400 – Telephone
(816) 753-9996 – Facsimile

ATTORNEYS FOR DEFENDANTS